UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary L. Wise, # 285074, | ) | C/A No. 6:09-901-HFF-WMC |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| United States of America, | ) | |
| Defendant. | ) | |

The plaintiff, Gary L. Wise ("Plaintiff"), proceeding *pro se*, brings this action pursuant to the Federal Tort Claims Act ("FTCA").[1] Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the United States of America as the sole defendant, but only requests injunctive and monetary relief against federal court judges.[2] The complaint claims various torts by the federal court judges based on judicial actions taken in prior cases Plaintiff filed in this Court. The complaint also claims violations of Plaintiff's constitutional rights by the federal court judges. The complaint should be dismissed, and a strike for purposes of 28 U.S.C. § 1915(g) should be imposed.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The complaint makes allegations against, and seeks redress from, United States District Judge Cameron McGowan Currie, United States District Judge Henry M. Herlong, Jr., and (the undersigned) United States Magistrate Judge William M. Catoe. For ease of reference, this report refers to the judges simply as federal court judges.

**Pro Se and *In Forma Pauperis* Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

### **Background**

Plaintiff has filed several cases in this Court, dating back to 1994, which include twelve cases filed since June of 2004. Plaintiff currently has three cases pending, including this case. One of Plaintiff's prior cases has been deemed a "strike" for purposes of 28 U.S.C. § 1915(g), which restricts, except in very limited circumstances, a prisoner's ability to file future cases without payment of the full filing fee at the time of

filing rather than making partial payments if available.  *See Wise v. Floyd*, C/A No. 8:09-454-HMH (D.S.C.).  The case received a "strike" because the plaintiff attempted to sue the federal judges assigned in his prior cases, all of which have absolute judicial immunity for actions arising out of their judicial duties.  The case was dismissed with prejudice as well as deemed a "strike," but it is currently on appeal with the United States Court of Appeals for the Fourth Circuit.  The complaint in the current case is substantially similar to the complaint filed in *Wise v. Floyd*, C/A No. 8:09-454-HMH (D.S.C.), except the prior complaint specifically named the federal court judges as defendants.  Because individuals were named as defendants and the plaintiff claimed constitutional violations, the prior complaint was construed as an action pursuant to *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff now files a substantially similar complaint naming the United States of America as the defendant, pursuing claims under the FTCA.  His FTCA claims, however, were addressed in the order of the Honorable Henry M. Herlong, Jr., United States District Judge, in *Wise v. Floyd*, C/A No. 8:09-454-HMH (D.S.C.).  In that prior case, Plaintiff objected that his complaint should not have been construed as based on *Bivens*, but instead should have been considered an FTCA action.  In addressing Plaintiff's objection, Judge Herlong determined in the order dismissing the case, that

> . . . even if the court considers Wise's claim under the FTCA, the claim also fails.  "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008).  Moreover, federal judges are immune "from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547 (1967).

> "This immunity applies even when the judge is accused of acting maliciously and corruptly." *Id*. Defendants presided over civil cases brought by Wise. Wise alleges that Defendants violated his civil rights by denying him relief in those civil actions. Accordingly, in presiding over his cases, Defendants were acting within their judicial jurisdiction. Based on the foregoing, Wise's FTCA claim fails because Defendants are not proper defendants under the FTCA.

*Wise v. Floyd*, C/A No. 8:09-454-HMH (D.S.C.).

In Plaintiff's current complaint, the caption names only the United States of America as a defendant, which is the proper defendant in a claim under the FTCA. However, the complaint contains a paragraph titled "Defendants" which does not list the United States of America, but does list the federal court judges assigned in Plaintiff's prior cases. In fact, in the prayer for relief, Plaintiff doesn't ask for redress from the federal government, but requests injunctive and monetary relief against the individual federal judges "jointly and severally." Although Plaintiff has changed the caption of his complaint to name the United States of America as the defendant, he has filed basically the same complaint he filed in *Wise v. Floyd*, C/A No. 8:09-454-HMH (D.S.C.), in which he sued the federal court judges.

### Discussion

Plaintiff clearly attempts to bypass judicial immunity in naming the federal government as the defendant rather than the federal court judges individually. His attempt fails. The doctrine of absolute judicial immunity extends to protect judges "from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547 (1967); *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (judges are

absolutely immune from suit and civil liability). The complaint seeks damages from the individual federal court judges for actions they took while presiding over Plaintiff's cases.[3] Clearly, as stated in Plaintiff's prior case, the federal court judges were acting "within their judicial jurisdiction" and are immune from liability. *Id*. Additionally, when the United States is sued under the FTCA, the government is protected from liability under the defense of judicial immunity if judicial immunity is available to the individuals whose actions provide the basis for the FTCA action, as in this case. *See* 28 U.S.C. § 2674.

The complaint in Plaintiff's prior case was dismissed with prejudice, *Wise v. Floyd*, C/A No. 8:09-454-HMH (D.S.C.), and the complaint in the current case raises the same allegations. A dismissal with prejudice prohibits Plaintiff from filing a new lawsuit based on the same allegations. Plaintiff's claims have already been adjudicated.

This action is frivolous. The doctrine of judicial immunity has been explained to Plaintiff in more than one prior action, yet he continues to seek damages from federal court judges. This case should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[3] The complaint also seeks injunctive relief in the form of recusal of the federal court judges from adjudicating any future cases. Mandatory preliminary injunctive relief in any circumstance is disfavored and warranted only in the most extraordinary circumstances. *Wetzel v. Edwards*, 635 F2d. 283, 286 (4th Cir. 1980). A request for recusal of a judge is not extraordinary and is available through appropriate motions, a preliminary injunction.

Plaintiff has one prior case deemed a "strike" for purposes of 28 U.S.C. § 1915(g), *Wise v. Floyd*, C/A No. 8:09-454-HMH (D.S.C.), and has another case pending in which a second "strike" is recommended, *Wise v. Toal*, C/A No. 6:09-495-HFF-WMC (D.S.C.) Thus, if deemed a "strike," this case could be Plaintiff's third strike. A third "strike" will eliminate Plaintiff's ability to proceed *in forma pauperis* in frivolous cases in the future.

## **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *with prejudice* and without issuance and service of process. 28 U.S.C. § 1915(e)(2)(B).

It is further recommended that the frivolous complaint be deemed a "strike" for purposes of 28 U.S.C. § 1915(g), limiting future filings of Plaintiff.

June 8, 2009                                              s/William M. Catoe
Greenville, South Carolina                    United States Magistrate Judge

**The plaintiff's attention is directed to the notice on the following page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).