IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary L. Wise, # 285074, ) | |
| ) | C/A No. 6:09-0901-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Gary L. Wise is an inmate in custody of the South Carolina Department of Corrections ("SCDC"). He currently is housed at the Turbeville Correctional Institution in Turbeville, South Carolina. On April 10, 2009, Plaintiff, appearing *pro se*, filed the within action pursuant to the Federal Tort Claims Act ("FTCA"), alleging negligence on the part of United States District Judge Cameron McGowan Currie, United States District Judge Henry M. Herlong, Jr., and Magistrate Judge William M. Catoe (the "federal judges"). According to Plaintiff, the federal judges breached a duty of care owed to him by denying his claims of inadequate medical care on the part of SCDC officers. The case originally was assigned to United States District Judge Henry F. Floyd. On June 23, 2009, the matter was reassigned to this court.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. 1915A, and the Prison Litigation Reform Act. The Magistrate Judge filed a Report and Recommendation on June 8, 2009. The Magistrate Judge noted that Plaintiff had filed a civil action alleging similar claims in <u>Wise v. Floyd</u>, C/A No. 8:09-454-HMH. In that case, Plaintiff's allegations were

dismissed on the grounds that federal judges enjoy absolute immunity from liability for damages for acts committed within their judicial jurisdiction. See Everson v. Doughton, 267 F. App'x 229, 229 (4th Cir. 2008) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). The Magistrate Judge recommended that the within complaint be dismissed on the same grounds. The Magistrate Judge further determined that since Plaintiff previously had raised the identical issue in the context of a FTCA claim, his complaint should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff filed objections to the Report and Recommendation on June 17, 2009, as well as a motion to amend the complaint. Plaintiff's motion to amend complaint (Entry 20) is **granted**. See Fed. R. Civ. P. 15(a). However, Plaintiff's amended allegations do not alter the Magistrate Judge's analysis regarding absolute immunity.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objections, Plaintiff reiterates a number of the allegations of his complaint and contends that the Magistrate Judge's Report and Recommendations contain "'fabricated facts' by way of the use of 'unfair' and 'cheap tactics' used only to 'inflame' this court." Entry 19, 3. The

2

court has conducted a *de novo* review of the complaint and concludes that the Magistrate Judge has properly applied recited the facts and applied the law. The court adopts the Report and Recommendation and incorporates it herein by reference. The complaint is dismissed *with prejudice* and without issuance of service of process. The court finds the within complaint to be frivolous, and therefore deems it to be a "strike" for purposes of 28 U.S.C. § 1915(g).

To the extent Plaintiff moves for disqualification or for a writ of mandamus (Entry 25), his motion is **denied.**

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 17, 2009

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**